UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DEC 14 2012

SUNTRUST MORTGAGE, INC., )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:12CV477-JRS
)
AMERICAN PACIFIC HOME )
FUNDING, LLC, )
)
    Defendant. )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant American Pacific Mortgage Corporation ("American Pacific") (ECF No. 5). Plaintiff SunTrust Mortgage, Inc. ("SunTrust") seeks damages for breach of contract with respect to nine home mortgage loans that American Pacific brokered to SunTrust. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court, and argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J).

The Court denies the motion on the following grounds: 1) SunTrust's claim is not barred by the statute of limitations; 2) Fraud by the borrower of a mortgage does not eliminate a mortgage broker's upstream liability (to the bank that funded the mortgage) for misstatements in the application process; 3) A mortgage broker need not be aware of the borrower's false statements in order to be liable to the bank that funds the loan; 4) A

contractual remedy of rescission does not preclude a claim for money damages by a funding bank against a mortgage broker.

I. **Background**

In 2003, SunTrust and American Pacific entered into an agreement ("Agreement") in which American Pacific agreed to originate, process, and broker home mortgage loans to SunTrust, and SunTrust agreed to close and fund the loans. SunTrust in turn sold the loans to the Federal National Mortgage Association ("Fannie Mae"), among other third parties. Some of the American Pacific mortgages went into default, causing Fannie Mae to pursue various remedies against SunTrust. In this case, SunTrust now seeks to recover its losses occasioned by the loan defaults.

Four provisions of the Agreement are particularly important in this case. First, in Paragraph 9 of the Agreement, American Pacific warranted that all information in the loan application materials was "genuine, complete and accurate" and that the materials contained no fraudulent or misleading information, "including, without limitation, any information obtained from or concerning the Borrower or the Secured Property, any credit report regarding the Borrower, or any appraisal report regarding the Secured Property." (Compl. Ex. 1 ¶ 9, ECF No. 1.) Paragraph 9 also included warranties that American Pacific acted with respect to each loan in compliance with the Agreement and all applicable laws. Finally, American Pacific warranted in Paragraph 9 that each loan constituted an acceptable investment.

Second, in Paragraph 13 of the Agreement, American Pacific agreed to repurchase the loan within ten days of a repurchase demand from SunTrust upon the occurrence of

2

specified events of default: "(1) An uncured breach of representation or warranty; (2) Failure to deliver certain documents; (3) The loan application or package are discovered to contain materially incomplete, inaccurate, false or misleading information; (4) Failure to comply with the Agreement or other terms and conditions; or (5) Bankruptcy filing by American Pacific. (Compl. Ex. 1 ¶ 13, ECF No. 1.)

Third, Paragraph 12.3 of the Agreement gave SunTrust the option to terminate the Agreement in the event of a breach by American Pacific.

Finally, in Paragraph 15, American Pacific agreed to indemnify SunTrust for losses arising from a breach of the Agreement or from any materially inaccurate, incomplete, false, or misleading information provided by or through American Pacific. (*See* Compl. Ex. 1 ¶ 15, ECF No. 1.)

SunTrust's Complaint alleges breach of contract. In Count One, SunTrust says that American Pacific breached the indemnification provision of Paragraph 15 by failing to indemnify SunTrust for losses suffered with respect to nine loans that contained incomplete, misleading, or false information and were submitted in breach of the warranties of Paragraph 9. In Count Two, SunTrust alleges that American Pacific breached the express warranties of Paragraph 9 by providing application materials that contained misleading information, as well as by brokering loans that were ineligible for SunTrust's loan programs and that constituted unacceptable investments. In addition, SunTrust alleges that American Pacific created an Event of Default under Paragraph 12.3 by submitting information containing false or misleading statements. SunTrust claims that it has been damaged in the amount of $1,109,912.76 for each count.

American Pacific's motion to dismiss raises four challenges to the sufficiency of SunTrust's Complaint. First, American Pacific argues that four of SunTrust's indemnification claims are barred by the five-year Virginia statute of limitations for actions to enforce a written contract. In connection with this argument, American Pacific says that a failure to indemnify should not be considered a separate breach, as Paragraph 15 is intended to serve only as a remedy for the breach of the warranties in Paragraph 9. Second, American Pacific argues that it is excused from liability under the Agreement because intentional borrower fraud constitutes an act that is beyond the reasonable control of the parties. American Pacific also asserts that it cannot be held liable for any negligence on the part of SunTrust in underwriting and approving the loans brokered to it because the Agreement does not expressly provide that American Pacific would indemnify SunTrust against SunTrust's own negligence. Third, American Pacific argues that the language of Paragraph 9 requires a broker to be aware of any fraudulent information in the loan application materials at the time that the materials are submitted in order for a breach to occur, and that without an allegation of American Pacific's awareness, SunTrust has failed to state a claim for breach of contract. Finally, American Pacific contends that dismissal of SunTrust's claim for damages is warranted because Paragraph 12.3 does not create any remedy other than termination of the Agreement.

## II. Standard of Review

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007);

*Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 540 U.S. at 545; *see id.* at 555 n.3. The Court need not accept legal conclusions presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

III. Discussion

A. Statute of Limitations

Virginia imposes a five year limitation on actions to enforce written contracts. *See* Va. Code Ann. § 8.01-246(2). American Pacific alleges that the claims for the Larios 1438 and 1446 Loans and the Rodriguez 4595 and 4603 Loans are untimely. SunTrust has acknowledged that its indemnification claim in Count One is untimely with respect to the Larios 1446 and Rodriguez 4603 Loans and that its breach of express warranty claim in Count Two is untimely with respect to all four of these loans. (Mem. Opp. Def.'s Mot. Dismiss 1 n.1, ECF 8.) SunTrust therefore seeks leave to withdraw those specific claims. The request is granted, and SunTrust's claims under Count One with respect to the Larios 1446 and Rodriguez 4603 Loans and under Count Two with respect to the Larios 1438 and 1446 Loans and the Rodriguez 4595 and 4603 Loans are hereby deemed WITHDRAWN. The Court considers below whether SunTrust's indemnification claims for the Larios 1438 and Rodriguez 4595 Loans are timely.

As this Court recently held, claims for indemnification in Virginia are governed by § 8.01-249(5), which provides that such claims do not accrue until the party seeking indemnification has suffered a loss. § 8.01-249(5) (the cause of action is deemed to accrue "in actions for contribution or for indemnification, when the contributee or the indemnitee has paid or discharged the obligation.") *See SunTrust Mortgage, Inc. v. Taylor Morrison Home Funding, LLC*, 3:12-CV-496, ECF No. 20 (Hudson, J.)(*"Taylor Morrison"*); *SunTrust Mortgage Inc., v. K. Hovnanian American Mortgage*, LLC, 3:12-CV-317, ECF No. 22 (Gibney, J.). See also *Lone Mt. Processing, Inc. v. Bowser-Morner,*

6

*Inc.*, 94 Fed. App'x. 149, 157 (4th Cir. 2004) ("Virginia Code section 8.01-230 explicitly excludes claims under 8.01-249 from the general statute of limitations accrual date for contracts.") Thus, in this case, the claims accrued when SunTrust paid Fannie Mae for its losses on these loans.

American Pacific brokered the Larios 1438 Loan on March 28, 2007. After being notified by Fannie Mae that the materials for this loan contained inaccurate, false, or misleading information regarding the borrower's debt, SunTrust agreed with Fannie Mae and indemnified Fannie Mae for its resulting losses on or about August 24, 2011. Similarly, the Rodriguez 4595 Loan was brokered to SunTrust on January 4, 2007, but SunTrust indemnified Fannie Mae for its losses on this loan on or about August 22, 2011 after learning that these loan materials also contained inaccurate, false, or misleading information regarding the borrower's debts. SunTrust's indemnification claims for the Larios 1438 and Rodriguez 4595 Loans thus accrued on August 24, 2011 and August 22, 2011, respectively, both well within five years of filing this action. Accordingly, SunTrust's indemnification claims for both of these loans are timely.

American Pacific also tries to avoid the indemnification claims by arguing that Paragraph 15 of the Agreement only allows indemnification for certain breaches of the Agreement and that failure to indemnify is not, in itself, a breach of the Agreement. Paragraph 15 provides for indemnification for losses resulting from five circumstances:

> (a) a breach by Broker of any representation, warranty, term, condition or obligation contained in or made pursuant to this Agreement or elsewhere, (b) a failure by broker to disclose any information that renders any such representation or warranty misleading or inaccurate, (c) any materially inaccurate, incomplete, false or misleading information provided by or

7

through Broker to Lender, (d) any misrepresentations made by or through Broker to Lender concerning any Mortgage Loan, or (e) Broker's ownership of or actions with respect to any Mortgage Loan.

(Compl. Ex. 1¶ 15, ECF No. 1.) American Pacific argues that Paragraph 15 only provides for indemnification upon breach of a separate provision of the Agreement as described in the first subsection, and that the failure to indemnify is not itself a breach of the Agreement. Thus, according to American Pacific, the alleged breach occurred before its failure to indemnify, and is barred by the statute of limitations.

This argument is unpersuasive. The first subsection in Paragraph 15 provides a broad circumstance under which American Pacific agrees to indemnify SunTrust—a breach of *any* representation or warranty made pursuant to the Agreement *or elsewhere*. Undoubtedly, the subsections which follow describe more specific circumstances triggering indemnification. American Pacific has misapplied the interpretative canons on which it relies, and a proper reading of Paragraph 15 reveals that this paragraph creates *both* a remedy for the breach of other provisions and also establishes independent bases for a breach. Accordingly, American Pacific's argument that Paragraph 15 does not create an independent claim for indemnification must fail.

### B. False Statements by Borrowers and Negligence by SunTrust

That the borrowers apparently made false statements in their applications does not relieve American Pacific of liability to SunTrust. American Pacific contends that borrower fraud is a circumstance beyond the Broker's control and falls within the scope of circumstances contemplated by Paragraph 28, a force majeure clause which includes "without limitation, acts of any governmental body, war, insurrection, sabotage, embargo,

fire, flood, strike or other labor disturbance, interruption of or delay in transportation." (Compl. Ex. 1 ¶ 28, ECF No. 1.) As explained fully in *Taylor Morrison*, in which the Court rejected this exact argument, it is clear that intentional borrower fraud bears no similarity to the class of circumstances otherwise described in Paragraph 28, which include wide-scale political and economic events, as well as acts of God.[1] The Court must conclude that intentional borrower fraud was not contemplated in Paragraph 28 as a circumstance beyond the parties' control. *See Wheeling Valley Coal Corp. et al v. Mead*, 186 F.2d 219, 222 (4th Cir. 1950) ("Under familiar principles of interpretation, the general expressions 'acts of the government' and 'causes beyond the control of the lessee' are limited to things of the same general sort as those specifically set forth in the same connection.")

American Pacific similarly argues that it cannot be held liable for SunTrust's negligence in underwriting and approving the loans because such negligence is an act beyond American Pacific's control, and the Agreement does not indemnify SunTrust for its own negligence. In essence, American Pacific says that when it passed along the loans to SunTrust, SunTrust had the duty to check the borrower's bona fides, and its failure to do so relieves American Pacific of liability. Just as with intentional borrower fraud, the negligence of another is not the type of circumstance beyond the parties' control that was contemplated in Paragraph 28. Even if negligence by SunTrust was a

---

[1] American Pacific notes that only a "lack of credit or funds for financing" is specifically excluded from the scope of Paragraph 28. (*See* Compl. Ex. 1 ¶ 28.) However, the fact that Paragraph 28 explicitly provides that the borrower's debts or poor credit history do not *in any way* excuse the parties' liability lends further support to the Court's interpretation that the parties are also not excused when the borrower misrepresents his or her true financial history.

circumstance precluding American Pacific's liability under Paragraph 28, American Pacific has not cited a single factual allegation from the Complaint which lends support to its claim that SunTrust was negligent in the underwriting and approval process. Viewing the alleged facts in the light most favorable to SunTrust, as required, the Court accordingly declines to find that negligence by SunTrust excuses American Pacific from liability.

### C. American Pacific's Knowledge of Borrower Fraud

Thirdly, American Pacific argues that SunTrust's claim must be dismissed because it does not allege that American Pacific knew of any fraudulent information when it submitted the loan applications. Its argument arises under Paragraph 9.5 of the Agreement. In Paragraph 9, American Pacific represents as follows:

> 9.5 Accuracy of Application and Related Documentation. All information contained in each Application, and the Loan Application Package and other documentation submitted to Lender in connection with the Mortgage Loan, including all signatures thereon, is genuine, complete and accurate; no such documentation has been in any manner changed or modified after its execution; no fraudulent or misleading information (including, without limitation, any information obtained from or concerning the Borrower or the Secured Property, any credit report regarding the Borrower, or any appraisal report regarding the Secured Property) has been provided to Lender in connection with the Mortgage Loan; **Broker is not aware** of any information that would contradict or render inaccurate any documentation submitted to Lender in connection with the Mortgage Loan; and **Broker is not aware** of any omissions in the Application, Loan Application Package or other documentation submitted to Lender in connection with the Mortgage Loan that would render the same incomplete or inaccurate. Each Applicant and Borrower is alive, is of majority age or older and has the legal capacity to apply for and enter into a Mortgage Loan.
>
> 9.6 Acceptable Investment. There are no circumstances or conditions with respect to the Mortgage Loan, the Secured Property, the Borrower, or

the Borrower's credit standing that can reasonably be expected to: (a) cause private institutional investors to regard the Mortgage Loan as an unacceptable investment; or (b) cause the Mortgage Loan to become Delinquent; or (c) adversely affect the Mortgage Loan's value or marketability.

(Compl. Ex. 1 ¶¶ 9, ECF No. 1) (emphasis added). American Pacific argues that the words "Broker is not aware" follow more general warranties in Paragraph 9.5, and thus that the general warranties are limited by these specific words pursuant to the canon of *noscitur a sociis*. *See Cape Henry Towers, Inc. v. Nat'l Gypsum Co.*, 331 S.E.2d 476, 481 (Va. 1985) (*noscitur a sociis* holds that when general and specific words are grouped together, the general words should be construed to be limited by the specific words).

Once again, this Court rejected the same argument in *Taylor Morrison* as counter to the plain language of Paragraph 9.5. American Pacific warrants in Paragraph 9.5 that "no fraudulent or misleading information . . . has been provided to Lender in connection with the Mortgage Loan." (Compl. Ex. 1 ¶ 9.5, ECF No. 1.) This paragraph simply requires American Pacific's assurance that the loan documents are accurate. In essence, it puts the risk of inaccuracy in the loan documents on the broker. The plain language of Paragraph 9, titled "Accuracy of Application and Related Documentation," does not support American Pacific's reading that this Paragraph was only concerned with the willful submission of inaccurate application materials. The Court, therefore, is not persuaded by the argument that SunTrust must allege that American Pacific was aware of the flaws in the information in order to properly state a claim for relief.

### D. Remedies available under the Agreement

Contrary to American Pacific's arguments, the language in Paragraph 12.3 allowing termination of the Agreement does not mean that SunTrust cannot be awarded damages as opposed to termination. Nothing indicates that termination is the only remedy available for breach of Paragraph 12.3. Moreover, SunTrust's claim for breach of express warranty in Count Two does not rely on Paragraph 12.3, and as discussed above, SunTrust otherwise sufficiently states a claim for a breach of the express warranties in Paragraph 9.

### IV. Conclusion

For the above reasons, the Motion to Dismiss is DENIED. Furthermore, SunTrust's claims under Count One with respect to the Larios 1446 and Rodriguez 4603 Loans and under Count Two with respect to the Larios 1438 and 1446 Loans and the Rodriguez 4595 and 4603 Loans are hereby deemed WITHDRAWN.

An appropriate ORDER shall issue.

/s/
John A. Gibney, Jr.
United States District Judge

ENTERED this 14th day of December 2012.